MURDOCK, Judge,
concurring in the result.
I concur in the result reached in the main opinion. I write separately merely to comment on whether a majority of this Court would agree that hearsay evidence is not competent evidence with respect to a decision to terminate parental rights.
*174 While two members of this Court concurred in the plurality opinion in Y.M. v. Jefferson County Department of Human Resources, [Ms. 2010755, Jan. 24, 2003] — So.2d - (Ala.Civ.App.2003), I and two other members of this Court chose to concur only in the result reached in that case. While I cannot speak for the other two members of this Court who voted only to concur in the result in Y.M., I can say that I agreed with essential aspects of the analysis of the main opinion. More importantly, however, I note that the result reached in Y.M. was the reversal of the trial court’s judgment and the remand of the cause for “proceedings consistent with the principles expressed in this opinion.” — So.2d at -. The “principle[ ] expressed” in Y.M. that provided the basis for reversal was the principle that hearsay that is not otherwise admissible under our rules of evidence is not “competent evidence” with respect to the issue whether to terminate parental rights. Therefore, I would not have concurred in the result reached in Y.M. without agreeing (1) that, under the facts of that case, the court reports at issue contained inadmissible hearsay evidence and, most notably for purposes of the present discussion, (2) that hearsay evidence that is otherwise inadmissible under our rules of evidence is not competent evidence with respect to the issue of whether to terminate parental rights.
Having said the foregoing, I have no difficulty agreeing with the result reached in the present case because, as discussed in the main opinion, any error in the admission of the Department of Human Resources’ Exhibit 4 was harmless in this case.